UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LUIS FIGUEROA,

                Petitioner,

v.                                             9:21-CV-0165
                                                    (DNH)
VERONICA FERNANDEZ,
Warden,

                Respondent.

---

APPEARANCES:                                          OF COUNSEL:

LUIS FIGUEROA
16277-069
Petitioner, pro se
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

     Pro se petitioner Luis Figueroa ("Figueroa" or "petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Exhibit ("Ex."). Petitioner is confined at the Federal Correctional Institution ("FCI") in Ray Brook, New York.

     On February 12, 2020, this action was administratively closed because Figueroa failed to properly commence this case; that is, he did not pay the statutory filing fee or file a properly certified IFP application. Dkt. No. 2, Order Directing Administrative Closure. Petitioner later paid the statutory filing fee and the case was reopened. Dkt. Entry dated

03/01/21 (indicating receipt number for paid filing fee); Dkt. No. 3, Text Order (reopening case).

## II. RELEVANT BACKGROUND

### A. Underlying Criminal Conviction

Figueroa's criminal history has been described in detail in several prior court opinions. *See, e.g.*, *Figueroa v. Fernandez*, No. 9:18-CV-1024 (LEK/DJS), 2018 WL 5620418 (N.D.N.Y. Oct. 30, 2018) ("*Figueroa IV*"). The relevant details are as follows:

> On February 29, 2000, after a trial before the United States District Court for the District of New Jersey, the jury found Petitioner guilty of conspiracy to distribute cocaine. *United States v. Figueroa*, No. 98-CR-105 (D.N.J. March 31, 2003) ("*Figueroa I*"), ECF No. 442. The jury did not make any finding regarding the quantity of cocaine involved in the conspiracy. *Figueroa v. United States*, No. 04-CV-1424 (D.N.J. June 30, 2005) ("*Figueroa II*"), ECF No. 13 at 2.
>
> About four months after the verdict, and before Petitioner was sentenced, the Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi* held that "[o]ther than a fact of a prior conviction, any fact that increases a penalty beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In response to *Apprendi*, the court empaneled a second jury, over the objection of Petitioner's trial counsel . . . , to determine the quantity of cocaine involved in the conspiracy. *Figueroa II*, ECF No. 13 at 3–5. On February 10, 2003, the second jury found that Petitioner participated in a conspiracy to distribute five kilograms or more. *Figueroa I*, ECF No. 602. The finding increased Petitioner's maximum sentence from twenty years to life in prison. 21 U.S.C. § 841(A)(b)(1)(ii) & (C).
>
> . . . .
>
> On March 27, 2003, Petitioner entered into a plea agreement with the Government in which he agreed to drop his appeal and waive his right to appeal or attack his sentence under 28 U.S.C. § 2255. *Id*. In exchange, the Government agreed to recommend a prison term of 35 years, instead of life, in prison. *Figueroa II*, Dkt. No. 13 at 6. The court accepted the agreement and, on March 31, 2003, sentenced

> Petitioner to 420 months (35 years) in prison, five years of supervised release, and a $10,000 fine. *Figueroa I*, ECF No. 618. Petitioner has indicated he did not appeal his sentence or conviction. *Figueroa v. Meeks*, No. 1:17-CV-284, 2017 WL 9289433, at *1 (D.S.C. Feb. 21, 2017).

*Figueroa IV*, 2018 WL 5620418, at *1.

## B. <u>Initial Post-Conviction Filings</u>

On March 29, 2004, Figueroa moved under 28 U.S.C. § 2255 to vacate his conviction. Among other things, petitioner argued (1) "that asking a second jury to find him guilty of a greater offense that would have resulted in a life sentence implicated double jeopardy"; and (2) his counsel was ineffective because he had "advised [petitioner] to take the plea, stating that there was no merit to a claim of double jeopardy concerning the empanelment of a sentencing jury after *Apprendi*." *Figueroa v. United States*, 2005 U.S. Dist. LEXIS 48301, at *7-*8 (D.N.J. June 30, 2005) (*"Figueroa III"*).

The habeas court denied Figueroa's § 2255 motion. In so doing, *Figueroa III* held that petitioner "entered into the plea agreement knowingly and voluntarily, and certainly there would be no miscarriage of justice in enforcing the agreement," and that "[e]ven considering that [petitioner] has mounted this collateral attack by arguing that his plea was not knowing and voluntary because it was the result of ineffective assistance of counsel, the case will [still] be dismissed." *Figueroa III,* 2005 U.S. Dist. LEXIS 48301, at *13-*14.

Notably, the habeas court also reached the merits of Figueroa's ineffective-assistance claim and concluded that the alleged failure to re-raise the double jeopardy argument, and his related advice to plead guilty instead of facing life in prison, did not amount to ineffective assistance of counsel. *Figueroa III*, 2005 U.S. Dist. LEXIS 48301, at *14-*15. The United

3

States Court of Appeals for the Third Circuit later denied petitioner's request for a certificate of appealability. *Figueroa v. United States*, 2006 U.S. App. LEXIS 32851 (3d Cir. 2006).

Figueroa continued to pursue his post-conviction arguments in the federal courts of the Third Circuit. As this Court recounted in *Figueroa IV*:

> From 2005 to 2014, Petitioner filed seven motions either for relief from the judgment or for reconsideration, all of which the court denied. *Id.*, ECF Nos. 17, 27, 29, 33, 39, 45, 54. The Third Circuit denied his requests for certificates of appealability, finding that "jurists of reason would not debate the . . . denial[s] of [petitioner's] motion[s]." *Id.*, ECF Nos 44, 59. Petitioner subsequently filed two more notices of appeal, *id.*, ECF Nos. 60, 62, and an amended complaint, *id.*, ECF No. 65. Shortly thereafter, the court directed the clerk not to accept any further filings from Petitioner in the matter. *Id.*, ECF No. 67. It concluded that "Petitioner's claims ha[d] been fully and fairly adjudicated," and that "[h]is continued, frequent filings are inappropriate because the docket is closed." *Id.* "Accordingly, the [c]ourt f[ound] that the . . . Clerk . . . should no longer be burdened by accepting, scanning, and filing submissions that have no legally cognizable purpose." *Id.*

*Figueroa IV*, 2018 WL 5620418, at *2.

### C. Other Habeas Petitions and Collateral Attacks

These warnings did not stop Figueroa, who continued to file post-conviction motions for relief.[1] As relevant here, petitioner filed two subsequent § 2241 petitions in which he asserted the same double jeopardy claim. The first was filed in the District of South Carolina. *Figueroa v. Meeks*, No. 1:17-CV-284, 2017 WL 9289433 (D.S.C. Feb. 21, 2017). There, "petitioner unsuccessfully re-raised the double jeopardy argument [from his § 2255

---

[1] Figueroa recently filed another habeas petition in this Court pursuant to § 2241 which, on April 22, 2019, was also dismissed as successive. *Figueroa v. Fernandez*, No. 9:19-CV-0373 (GLS), 2019 WL 1762584 (N.D.N.Y. Apr. 22, 2019) ("*Figueroa V*"). In that opinion, this Court provided a detailed history of all of the additional motions petitioner filed collaterally attacking his conviction in addition to petitioner's prior habeas petitions. *Id.* at *2-*4.

4

petition]." *Figueroa IV*, 2018 WL 5620418, at *2 (citing *Meeks,* 2017 WL 9289433, at *2).[2]

The second double-jeopardy petition was filed in this federal judicial district. *Figueroa IV*, 2018 WL 5620418. There, "[p]etitioner again assert[ed] that empaneling the second jury and imposing a sentence above twenty years in prison . . . violated the Double Jeopardy Clause," and that his counsel was "constitutionally ineffective for advising him to plead guilty[.]" *Id.* at *4.

In *Figueroa IV*, this Court held that both arguments were "identical to those presented in many previous motions, including his original § 2255 motion, which the District Court of New Jersey rejected and dismissed after considering the merits." 2018 WL 5620418, at *4. Moreover, petitioner "d[id] not discuss the evidence before either jury or argue that it was or is insufficient to prove the conspiracy[;]" thus, his contentions of actual innocence were inadequate to constitute the rare circumstances required to award relief. *Id.* Consequently, the Court lacked jurisdiction to provide relief. *Id.*

## III. THE PRESENT PETITION

While Figueroa fails to specifically identify the details of his criminal conviction, it is clear – based upon the information in the petition itself – that he is again challenging his underlying conviction and sentence from the District of New Jersey. *See* Pet. at 2-4

---

[2] Petitioner actually filed a second petition in South Carolina. *Ramirez*, 2017 WL 9470774, at *2. The court noted that "[a]lthough [p]etitioner alleges he is not challenging his conviction or sentence, his arguments address the underlying validity of his sentence." *Id*. While "[p]etitioner attempts to invoke § 2255's savings clause, arguing his sentence is a void judgment and therefore § 2241 is the proper vehicle to challenge his unlawful restraint . . . [the] argument . . . fails to establish that a § 2255 motion is inadequate or ineffective to test the legality of his detention." *Id*., 2017 WL 9470774, at *3. Accordingly, the petition was dismissed. *Id*., *adopted by* 2017 WL 4349210 (D.S.C. Oct. 2, 2017). The decision was affirmed by the Fourth Circuit, and, on Oct. 1, 2018, the Supreme Court denied the petition for writ of certiorari. *Figueroa v. Ramirez*, 710 F. App'x 165 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 140 (2018). In its decision, the Supreme Court also noted that petitioner "has repeatedly abused this Court's process, [thus] the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee . . . is paid[.]" *Figueroa*, 139 S. Ct. at 140.

5

(explaining his conviction involved 5 kilograms of cocaine and a change in sentencing exposure); *id.* at 8-14 (supporting exhibit attached to Petition, specifically a Decision from the United States District Court of New Jersey, outlining petitioner's criminal conviction for conspiracy to distribute cocaine and the impacts of the *Apprendi* decision thereon).

Figueroa contends that he is entitled to relief because the second jury's verdict in his underlying criminal conviction violated the principles of Double Jeopardy. Pet. at 4-7.[3] Specifically, petitioner argues that the "empaneled jury [for his first trial] was properly sworn to return a verdict . . . [and t]he court issued a judgment making clear [petitioner] was subject to a statutory maximum period of 20 years." *Id.* at 4.

Thus, in Figueroa's view, "[t]he second jury trial's result is hereby void on [petitioner's] assertion of his rights under the double jeopardy clause and [petitioner] is therefore actually innocent of § 841(b)(1)(A) because an empaneled and sworn jury has already found him guilty of involvement with a 'measurable amount' only." *Id.* at 5.

Further, Figueroa contends that his sentencing agreement with the government was "void on the principles of contract law . . . and the court was without the authority to impose the 35 year sentence[.]" Pet. at 6. Petitioner contends that the terms were coercive, rendering his plea and waiver to appeal invalid. *Id.* at 6-7.

Figueroa argues that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his conviction because he is actually innocent of the crime, given the way the application of § 841(a)(1) has changed since the original jury returned the verdict in petitioner's underlying criminal proceeding. Pet. at 5-6.

---

[3] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

6

**IV. DISCUSSION**

A federal prisoner may challenge his detention under 28 U.S.C. §§ 2241 and 2255. *See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997).

Section 2255 is the proper mechanism for prisoners to attack the imposition of a sentence "on the grounds that it was 'imposed in violation of the Constitution.'" *Morales v. United States*, 635 F.3d 39, 42-43 (2d Cir. 2011) (quoting 28 U.S.C. § 2255(a)); *Adams*, 372 F.3d at 134.

A motion pursuant to section 2255 must be brought in the sentencing court. *See Boumediene v. Bush*, 553 U.S. 723, 775 (2008) (holding that section 2255 directs claims challenging a federal sentence on the ground that it was imposed in violation of the Constitution or laws of the United States "not to the court that had territorial jurisdiction over the place of the petitioner's confinement but to the sentencing court, a court already familiar with the facts of the case.").

If the motion is denied, a petitioner may seek to appeal the district court's decision in the appropriate court of appeals for the district of sentencing. Rule 11, Rules Governing Section 2255 Proceedings For the United States District Courts); Fed. R. App. P. 4(a) (governing time to take an appeal); Fed. R. App. P. 22 (governing appeals in "Habeas Corpus and Section 2255 Proceedings.").

By contrast, section 2241 is the proper vehicle to challenge the execution of a sentence. *Adams*, 372 F.3d at 135; 28 U.S.C. § 2241. For example, a petitioner may use a section 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions. *Cook v. N.Y.S. Div. of Parole*, 321 F.3d 274, 278

7

(2d Cir. 2003); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). Petitions filed under section 2241 must name the petitioner's warden as respondent and be filed in the district of the petitioner's confinement. 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 447 (2004).

In rare circumstances, a federal prisoner may challenge the validity of his or her conviction under section 2241 if he or she can show that the remedy under section 2255 is "inadequate or ineffective to test the legality of his [or her] detention." 28 U.S.C. § 2255(e); *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003); *Triestman v. United States*, 124 F.3d 361, 373-74 (2d Cir. 1997).

The Second Circuit discussed this "savings clause" provision at length in *Triestman* and cautioned that its remedy is narrow and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman*, 124 F.3d at 378 (citations omitted).

Section 2255 is "inadequate or ineffective" only when the failure to allow collateral review would raise serious constitutional questions because the prisoner "(1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [his] claim[s] of innocence at an earlier time.'" *Cephas*, 328 F.3d at 104 (quoting *Triestman*, 124 F.3d at 363).

While this proceeding is allegedly brought pursuant to § 2241, it is actually a § 2255 petition in disguise. As noted above, petitioner has already filed a habeas petition pursuant to § 2255, in the District of New Jersey, as well as several additional habeas petitions, including, most recently, in this Court.

In the present petition, petitioner again asserts a challenge to the same criminal

8

conviction addressed in his prior habeas petitions. Further, he specifically advances a claim about Double Jeopardy, the exact same claim which was previously discussed and dismissed in three prior habeas petitions. *See Figueroa III,* 2005 U.S. Dist. LEXIS 48301, at *7-*8, *13-*14; *Figueroa IV*, 2018 WL 5620418, at *2, *4 (citing *Meeks,* 2017 WL 9289433, at *2). Accordingly, this petition is second or successive.[4]

> Where, as here, a petitioner files a section 2241 petition
>
>> in an attempt to evade § 2255's limits on second or successive petitions, and when the petitioner has already had a prior § 2255 petition dismissed on the merits . . . the district court can treat the § 2241 petition as a second or successive § 2255 petition and refer the petition to [the appropriate Court of Appeals] for certification or, if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, the district court may dismiss the § 2241 petition for lack of jurisdiction.

*Adams*, 372 F.3d at 136 (citations omitted); *see also Cephas*, 328 F.3d at 104 n.5 ("[I]f it concludes that it lacks jurisdiction over a § 2241 petition, a district court always has the option just to dismiss it.").

Figueroa cannot escape the bar to successive petitions and test the validity of his conviction or sentence to pursuant to section 2241. As previously stated, petitioner has again recycled the same arguments that have previously been dismissed. Accordingly, these arguments were plainly available to petitioner during the course of his first § 2255 petition

---

[4] Ordinarily, when a district court recharacterizes a pro se petitioner's filing "as a first § 2255 motion[,]" the court must "notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 375, 383 (2003). The notice requirements do not apply to federal prisoners, like petitioner, who had one or more prior section 2255 motions dismissed on the merits because petitioner is already subject to the gate keeping provisions that require certification from the appropriate court of appeals before any second or successive motion may be considered by the district court. *Adams*, 372 F.3d at 136; *Roccisano v. Menifee*, 293 F.3d 51, 58 (2d Cir. 2002).

and were subsequently made during his additional habeas petitions. *See Cephas*, 328 F.3d at 105 ("[W]here. . . petitioner invokes § 2241 jurisdiction to raise claims that clearly could have been pursued earlier, or where his asserted innocence is plainly belied by the record, then the savings clause of § 2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted."). In short, the Savings Clause is clearly inapplicable to Figueroa's petition. *See Adams*, 372 F.3d at 135 (denying entitlement to § 2241 where petitioner not only could have raised some of his arguments in prior proceedings, but actually did raise them); *Cephas*, 328 F.3d at 104 (quoting *Triestman*, 124 F.3d at 363).

Further, Figueroa's conclusory allegations that the evolution of case law supports his assertion of actual innocence is plainly belied by his habeas litigation history. His bald assertion of actual innocence does not now make it true. Accordingly, petitioner has failed to establish that this exception applies. *See Cephas*, 328 F.3d at 105 (dismissing § 2241 petition for lack of jurisdiction where petitioner has a "patent inability to establish [actual innocence pursuant to the record.]").

Notably, transferring this action to the Third Circuit would be a permissible disposition. However, the Court declines to transfer the case because the petition plainly fails to meet the requirements imposed by 28 U.S.C. § 2255(h) for filing a second or successive section 2255 petition. 28 U.S.C. § 2255(h)(1)-(2) (requiring that a "second or successive motion" be certified by the appropriate court of appeals to contain either "newly discovered evidence . . . sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"). Figueroa fails to advance any credible claims of actual

innocence. Instead, petitioner is again attempting to revive arguments previously utilized by him in other habeas petitions challenging the same criminal conviction. The claims have repeatedly been rejected. Accordingly, dismissal of the petition is appropriate.

## V. CONCLUSION

In sum, the Court lacks jurisdiction to entertain petitioner's § 2241 petition because he is not challenging the execution of his sentence and he has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention. *Cephas*, 328 F.3d at 104; *Triestman*, 124 F.3d at 363, 378. Accordingly, the petition is dismissed.

Therefore, it is

ORDERED that

1. The petition (Dkt. No. 1) is **DISMISSED** for lack of jurisdiction; and

2. The Clerk of the Court shall serve a copy of this Decision and Order upon petitioner in accordance with the Court's Local Rules of Practice.

IT IS SO ORDERED.

Dated: March 17, 2021
      Utica, New York.

_____
United States District Judge